Smith, J. '
The question which has been argued and submitted to us, as preliminary to the presentation of the question whether the final order in the case adjusting the conflicting liens asserted by the parties was in accordance with the law and the evidence, is this: whether the order of the court, made April 26, 1895, viz. at the January term 1895, as of October term 1894, was a legal and valid order ,and whether the court was authorized to make such an order at the time it was made.
To a’proper consideration of this question, it is necessary to state some facts which appear from the record.
James W. Sweney had made a general assignment of his personal property to Mr. Brandon, who accepted the trust, and qualified as assignee. The property being covered by chattel mortgages to different persons, the assignee filed in the probate court an application to adjust those liens and fix their priority. The mortgagees severally set up their claims by answer, and on a hearing the court made an order fixing the rights of the parties, and from this decree an appeal was taken to the court of common pleas.
At the October term a trial was had in the common pleas court, and on October 20 the court entered two orders and judgment,finding that the mortgage óf the Huber Co. was the *192 best lien on the property covered by its mortgage, and on the same day the other parties, having filed a motion for a new trial, it was overruled by the court and exception taken thereto, and a bill of exceptions was allowed and signed.
At the ensuing April term, viz. on April 6, 1895, an order was entered upon the journal of the court, finding that the two orders were inadvertently made and entered .upon the journal, and it was ordered that they be stricken out and held for naught. This does not purport to be a nunc pro tunc entry, but is an order by the court made at a subsequent term, and not having been made in conformity with the terms of the statute for vacating or modifying judgments at a subsequent term, was probably of no legal effect.
But on April 26, 1895, another order was entered upon, the journal-of the April term in the nature of a nunc pro tunc order, as of the October term 1894, andas a substitute for another order entered at the April term, purporting also to be in the nature of a nunc pro time order.
From this it appears that at the October term, 1894, after the entry of the two orders on February 20, 1894, application was made, (orally perhaps), to the court to set aside those two orders. What the grounds of the application were, does not appear. So far as appears it may have been on the ground that they had been improperly or improvidently entered, as not having been authorized by the court. If so, during the term the court had full control of its journal and record of the term, and could for such reasons direct the orders or decrees so entered to be stricken out. The entry in question shows that the court did at the October term so order, and if it did, and no entry was made of its action, it had full authority at the subsequent April term, by a nunc pro tunc order as of the October term, to enter such order as was, in fact, made at the October term.
Whether a court has the power,after having decided a caso upon the merits, and having overruled a motion for a new *193 trial, (which judgments or orders were properly entered upon the journal), after the expiration of the three days allowed for filing a motion for a new trial, on the written or oral application of the losing party, to review the correctness of the former adjudication, and on the ground that the former adjudication was wrong, does not we think properly arise in this' case, for it does not appear that such was the case here. The first entry of April 6, shows that the entry was improvidently entered, and for all that appears, the entries stricken out by the order-of April 26, 1895, may have been on the ground that they never were authorized by the court, and were stricken out for this reason. And on the doctrine that the presumption must be in favor of the-validity of proceedings of the court, unless the contrary appears,-we must hold that the order of April 26, 1895, as of October term, was a valid exercise of power by the court, and had the effect to set aside the orders of October 20, 1891, and leave the cause for decision by the court.
W. A. Eltzroth and W. Chester Maple, for plaintiff’s in error.
Mr. Burr, of Broiun, Burr & Brandon, contra.
Afterwards the court made a decree at the April term, fixing the right of the mortgagees, and the correctness and propriety of this order is challenged by the petition in error, and as to this we have not heard oral argument, and we understand that counsel desires to be heard on this point.